**O**

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. FOLDS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>CHRISTOPHER FIELD,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-05762-ODW (MRWx)<br><br>**ORDER GRANTING CHRISTOPHER FIELD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [5]** |

Before the Court is Defendant Christopher Field's Motion to Dismiss Plaintiff John E. Fold's Complaint. (ECF No. 5.) Because the statute of limitations has expired on Plaintiff's sole claim for libel, the Court **GRANTS** Defendant's Motion to Dismiss without leave to amend.

Initially, the Court notes that Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. L.R. 7-9. Additionally, Local Rule 7-12 provides that the failure to file an opposition within the deadline "may be deemed consent to the granting . . . of the motion." L.R. 7-12.

The hearing on Defendant's motion was set for August 13, 2012. Plaintiff's opposition was therefore due by July 23, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request

for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed in Defendant's papers (which are briefly recounted below), hereby **GRANTS** Defendant's Motion to Dismiss. The August 13, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

Plaintiff's Complaint asserts a single cause of action against Defendant for libel. Plaintiff specifically contends that "[o]n or about December, 2010 defendant published a 'Post' in [*sic*] www.ripoffreport.com . . . wherein he reported that Plaintiff had committed fraudulent real estate transactions." (Compl. ¶ 3.) But defamation claims in California are subject to a one-year statute of limitations. Cal. Code Civ. Proc. § 340. Further, defamatory statements posted online are subject to the single-publication rule, meaning the statement is considered "published" only when the statement is first made available to the public via the Internet. *E.g.*, *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1133 (9th Cir. 2006); *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 394 (2004). It is now July 2012—more than a year and a half after Plaintiff contends Defendant first published the allegedly defamatory statement online in December 2010. Plaintiff's libel claim is therefore untimely. For this reason, the Court **DISMISSES** this action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

July 27, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**